[No. 12681. Department One. September 13, 1915.]

PIONEER NATIONAL BANK, *Appellant*, v. EDWARD GASKILL et al., *Respondents*.[1]

APPEAL—RECORD—STATEMENT OF FACTS—RECITALS IN JUDGMENT. In the absence of a statement of facts, recitals in the judgment as to the statements and admissions of counsel at the time of entering the judgment upon a stipulation are conclusive on appeal.

MORTGAGES—FORECLOSURE — DECREE — SUBSEQUENT LIENS —HOMESTEAD—PRIORITY. In an action to foreclose a mortgage, in which it appears that the mortgagors had a $2,000 homestead exemption prior in right to a second judgment held by the mortgagee, the decree of foreclosure is not erroneous in that it failed to establish a lien for plaintiff's second judgment, where it did not attempt to control the right of redemption and simply provided for the disposition of the funds arising from the sale in the order of their priority.

Appeal by plaintiff from an order of the superior court for Adams county, Mills, J., entered November 19, 1914,

[1]Reported in 151 Pac. 492.

modifying a judgment, upon petition of the defendants, after a hearing before the court. Affirmed.

*G. E. Lovell,* for appellant.

*Wm. O. Lewis,* for respondents.

MOUNT, J.——In the year 1913, the appellant brought an action to foreclose a mortgage against certain real estate in Adams county. A judgment of foreclosure was subsequently entered. This judgment recited that the plaintiff was entitled to a judgment of $1,232.80, and for its costs, and an attorney's fee of $125; that the property described in the mortgage should be sold to satisfy the judgment; that the defendants were entitled to the excess over and above the amount of the judgment as a homestead, and that all sums thereafter, until $2,090 was realized, should be paid to the plaintiff. The judgment also provided for certain redemption rights. After that judgment was entered, the defendants filed a petition to modify the judgment, for the reason that it was entered upon a stipulation and that the judgment did not conform to the stipulation; and also upon the ground of irregularities in obtaining the judgment. This petition for modification later came on to be heard, and the court entered another judgment modifying the former one by allowing an attorney's fee of $100 instead of $125, and by striking out the part of the original judgment relating to redemption. The plaintiff has appealed from the order modifying the original judgment.

No statement of facts is brought here, and the appellant makes no assignments of error in its brief. It is a little difficult to determine from the appellant's brief the points relied upon. If we understand the argument of the appellant, it is to the effect that the trial court in modifying the original judgment took into consideration statements made by counsel upon the argument, and based his conclusion upon those statements. These statements made by counsel do not ap-

pear in the record, and we, of course, are not in a position to determine what the statements were. The order appealed from recites that the court,

". . . . having heard the statements of said respective counsel as to what occurred at and prior to the entry of said judgment, and it being admitted in open court by the attorney for the plaintiff that at the time oral judgment was announced by the court that the court announced 'judgment for defendant as to point reserved,' and it appearing to the court that the point so reserved was as to whether the judgment of the plaintiff as set forth in the complaint was a lien upon the mortgaged premises, and it further appearing to the court that the judgment as announced by the court was that the mortgage of the plaintiff be foreclosed, with an allowance to the plaintiff of attorney's fees in the sum of $100, and that the judgment of the plaintiff as alleged in paragraph XI of its complaint to the extent of the homestead exemption of the defendants Gaskill in the sum of $2,000, and it further appearing to the court that said judgment should now be made to conform to the judgment of the court as announced and should be made to speak the truth, It is now, therefore, ordered," etc.

In the absence of a statement of facts, we must necessarily conclude that the recitals made by the court in the final judgment are correct.

The appellant apparently further argues that the modified judgment is erroneous because "it states that the plaintiff has no lien upon the land for its second judgment of $2,090." We infer from the parts of the record brought here in the transcript that the plaintiff is claiming an additional lien because of a judgment for $2,090 obtained against the defendants in another action, because the court in effect recites in the modified judgment that the mortgaged property shall be liable, first for the amount of the mortgage sought to be foreclosed, and second, that the defendants shall be entitled to a $2,000 homestead exemption from the remainder; and then that the plaintiff thereafter shall be entitled to $2,090, if the property shall sell for that amount more than the

amount of the mortgage and the $2,000 homestead exemption. The statute provides how property shall be redeemed from judgments, and this modified judgment does not attempt to control the right of redemption. It simply provides for the disposition of the funds arising from the sale of the mortgaged property if such funds shall amount to more than stated sums, and in effect determines that the prior judgment for $2,090 does not affect the defendants' homestead exemption right, which is clearly correct. We find no error in this respect.

The judgment is therefore affirmed.

MORRIS, C. J., CHADWICK, and ELLIS, JJ., concur.